IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOSEPH E. DANIELS                                              PETITIONER

VERSUS                                        CIVIL ACTION NO. 5:07cv115-DCB-MTP

STATE OF MISSISSIPPI                                           RESPONDENT

MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal. Petitioner is a inmate incarcerated at the Wilkinson County Correctional Facility, Woodville, Mississippi. Petitioner filed a motion for a writ of mandamus. The Petitioner states that the Mississippi Supreme Court has denied his writ of certiorari and has prohibited him from filing future pleadings in that court unless and until the $50.00 sanction is paid in full. (Petition [1-1] p.5]). The Petitioner states that the Mississippi Supreme Court sanctioned him knowing that he is a pauper and unable to pay the $50.00 sanction. Apparently, the Petitioner has filed his writ of certiorari in an attempt to exhaust his state court remedies so that he can file a motion for habeas corpus in this court. (Petition [1-1] p. 3).[1]

Liberally construing the motion for mandamus, this Court finds that the Petitioner is relying upon 28 U.S.C. § 1361. That section grants this Court original jurisdiction "of any action in the nature of mandamus to compel an officer or employee <u>of the United States</u> or any agency thereof to perform a duty owed to the Petitioner." 28 U.S.C. § 1361 (emphasis added). Federal

---

[1] This Court finds that the Petitioner has previously filed a petition for habeas corpus relief in this Court, <u>Daniels v. State of Mississippi</u>, 3:00cv198WHB (S.D. Miss. Jan. 25, 2002). When this Court denied the Petitioner's habeas request, he appealed to the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit subsequently denied his request for a Certificate of Appealability. <u>Daniels v. State of Mississippi</u>, 05-61000 (5th Cir. Jul. 24, 2006).
   This Court further finds that the Petitioner must receive authorization from the United States Court of Appeals for the Fifth Circuit before he files a second or successive habeas concerning his 1996 conviction for possession with intent to distribute cocaine in the Circuit Court of Hinds County, Mississippi. <u>See</u> 28 U.S.C. § 2244(b)(3)(A).

courts have no authority under section 1361 "to issue writs of mandamus to direct <u>state courts and their judicial officers</u> in the performance of their duties where mandamus is the only relief sought." <u>Moye v. Clerk, DeKalb County Superior Court</u>, 474 F.2d 1275-76 (5th Cir. 1973) (emphasis added); <u>see also Noble v. Cain</u>, 123 Fed.Appx. 151, *152, 2005 WL 361818, **1 (5th Cir. 2005); <u>Rhodes v. Keller</u>, 77 Fed.Appx 261, 2003 WL 22309132, **1(5th Cir. 2003); <u>Santee v. Quinlan</u>, 115 F.3d 355, 356-57 (5th Cir. 1997).

The respondent is not an officer or employee of the United States and therefore, is not subject to the statutory mandamus authority of this Court. Therefore, this Court does not have jurisdiction in the nature of mandamus, under 28 U.S.C. § 1361, to direct the respondent to comply with Petitioner's requests. Further, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." <u>Kerr v. United States Dist. Ct.</u>, 426 U.S. 394, 402 (1976). "Moreover, it is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed." <u>Id</u>. at 403.

## CONCLUSION

This Court does not have jurisdiction to issue a writ of mandamus to direct that the Mississippi Supreme Court hear the Petitioner's petition for writ of certiorari or void the order sanctioning the Petitioner. Therefore, Petitioner's motion for a writ of mandamus [1-1] is DENIED.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the   11th   day of June, 2007.

                                             s/ David Bramlette   
                                          UNITED STATES DISTRICT JUDGE